## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MICHIGAN
## WESTERN DIVISION

| | |
|---|---|
| RICKY J. ROUGHT and HANNAH ROUGHT, | ) |
| Plaintiffs, | ) |
| v. | ) C.A. No: 1:10-CV- 403 |
| DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee of Ameriquest Mortgage Securities, Inc., Asset-backed Pass Through Certificates Quest Trust Series 2006-x2, FIELD ASSET SERVICES, INC. and AMERICAN HOME MORTGAGE SERVICING, INC. | ) |
| Defendants. | ) |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### INTRODUCTION

1.      On January 27, 2009, Ricky J. Rought, along with his twenty-two year old daughter Hannah Rought, bought a home in Brohman, Michigan from the defendant Deutsche Bank National Trust Company for cash.  After the sale, the Roughts began fixing-up the house and property with the intention of it becoming Hannah's first home.  On or about August 30, 2009, seven months *after* buying the house, Deutsche Bank, which no longer had any legal right, title, or interest in the property, "foreclosed" on the Roughts new home with the help of its servicer,  Defendant American Home Mortgage Servicing, Inc., and its property preservation company, Defendant Field Asset Services, Inc..  Field Asset Services trespassed onto the property, forcibly broke into the house, changed the locks on the doors and trashed-out all the Roughts' personal possessions that were in the house and on the property.  After being reported

to the Michigan State Police and being informed that the bank had no right to enter the property, the Defendants broke into the home again and "winterized" it.  After a second report to the Michigan State Police and further notice, the Defendants trespassed a third time and removed its lock box which it had placed on the front door of the Rought's new home.

2.     The Roughts bring claims for 1) trespass; 2) conversion (MCL 600.2919(a)); 3) negligence; 4) the negligent infliction of emotional distress; 5) the intentional infliction of emotional distress; 6) invasion of privacy; 7) violations of the Michigan consumer protection statute; 8) wrongful foreclosure and 9) violations of Michigan's "Anti-Lockout" Statute (MCL 600.2918).

## PARTIES

3.     The plaintiff Ricky J. Rought resides at 1438 S. Satterlee Road, Gowen, MI 49326.  Mr. Rought owns a property with an address of 406 Pierce Drive, Brohman, Michigan which he purchased from Deutsche Bank.

4.     The plaintiff Hannah Rought is the daughter of Ricky Rought and the co-owner of the 406 Pierce Drive property with Mr. Rought, which was purchased from Deutsche Bank.  Ms. Rought resides with her parents at 1438 S. Satterlee Road, Gowen, MI 49326.

5.     The defendant Deutsche Bank National Trust Company ("Deutsche Bank") is listed on the Rought's deed as "Deutsche Bank National Trust Company, as Trusteee of Ameriquest Mortgage Securities, Inc., Asset-backed Pass Through Certificates Quest Trust Series 2006-x2, Under the Pooling and Servicing Agreement Dated as of August 1, 2006, Without Recourse."  Deutsche Bank's principal place of business as listed on the deed is 10801 E. Sixth St., Ste. 130, Rancho Cucamonga, CA 91730.

2

6.      The defendant Field Asset Services, Inc. ("FAS') is in the business of recovering homes for banks as part of the foreclosure process.  FAS lists its principal place of business on its website as 101 West Louis Henna Boulevard, Suite 400, Austin, Texas 78728.

7.      The defendant American Home Mortgage Servicing, Inc. ("American Home"), 1525 S. Belt Line Rd., Coppell, TX 75019 is a corporation in the business of servicing loans for lenders and at all times relevant hereto was the servicer for Deutsche Bank.

## JURISDICTION AND VENUE

8.      This court has jurisdiction pursuant to 28 U.S.C.S. §1332(a)(1) as there exists diversity of all parties and the amount in controversy exceeds $75,000.  The Defendants do business in Michigan and have sufficient contacts in Michigan to warrant jurisdiction over them.

9.      Venue is properly laid as the wrongful foreclosure which forms the basis for the plaintiffs' claims occurred in this jurisdiction.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

10.     On or about January 27, 2009 the plaintiffs purchased a home from Deutsche Bank with an address of 406 Pierce Drive, Brohman, Michigan ("406 Pierce Drive").  Deutsche Bank conveyed title to the Roughts in a "Covenant Deed" ("Deed") which was recorded in the Newaygo County Register of Deeds on February 9, 2009.  The Roughts' Deed is attached hereto as Exhibit 1.

11.     The Deed unequivocally conveyed title to 406 Pierce Drive to the Roughts without restriction.  In the Deed, Deutsche Bank further promised and agreed that it, as grantor,

"has not done or suffered to be done anything whereby the premises hereby granted are,

3

or may be, in any manner encumbered or charged . . . ; and that Grantor will forever defend title to the premises, against all persons lawfully claiming or who may claim the same, by; through or under Grantor but not otherwise."

Exhibit 1.

12.     Mr. Rought purchased the house with his twenty-two year old daughter, Hannah with the intention that Hannah would live in the house and be away from her parents for the first time in her young life.  The house is located off the road and is surrounded by unoccupied land.

13.     After the purchase, the Roughts moved some possessions into the house and onto the property while they set-out making repairs and turning the house into a home.

14.     Sometime in August, 2009, over six months after the Roughts bought the house from Deutsche Bank, Deutsche Bank foreclosed on the property.  Duetsche Bank has indicated that defendant American Home the servicer responsible for foreclosures.  Deutsche Bank's and/or American Home's property management company, FAS, its agents or employees trespassed on the property, broke and entered the home, changed the locks to the doors and garage and stole many of the Rought's possessions as part of the foreclosure "trash-out" process. In addition, FAS caused considerable damage to the house.

15.     When driving up the to their house, the Roughts first noticed there was something wrong when they saw that the American flag they had hung proudly from the front of the home was missing.  They got out of their car and noticed that their home had been broken into and the locks had been changed.  When they entered they saw the damage and realized that their possessions had been taken.  FAS even stole the bracket used to hang the Rought's American flag, as well as the firewood they had stored to heat their new home.

16.     On their front door, the Roughts were greeted with the following sign from FAS:

4

"LAWN MAINTAINED BY FIELD ASSET SERVICES, INC. CALL 800-468-1743 WITH

ANY CONCERNS." Exhibit 2.

     17.    The Roughts promptly called FAS with their "concerns" informing FAS that they

had trespassed on their property and forcefully broken into their home and stolen their

possessions.  The Roughts also called the Michigan State Police to file a criminal complaint.

The State Police report is attached as Exhibit 3.

     18.    Despite the Roughts notification to Deutsche Bank's and/or American Home's

agent FAS, that it had no right to set foot on the property, the defendants came back again.  On or

about September 8, 2009, Deutsche Bank's and/or American Home's agent FAS, sent a

contractor, Out in the Woods, LLC, to break into the house again, turn off the utilities and

"winterize" the house.  While performing the "winterization", the contractor put antifreeze in the

sinks and toilets, disconnected the water pump, and caused considerable damage in the house.

     19.    The contractor left the following sign for the Roughts which stated in pertinent

part:

# **WARNING!**

## **THIS PROPERTY HAS BEEN WINTERIZED.**

**The water supply has been shut off and antifreeze added into all toilets, sinks
and traps.  DO NOT attempt to turn the water on as damage to the property
can occur.  If you attempt to de-winterize this property without an FAS
Contractor, you will be held liable for any plumbing/water damage.**

Exhibit 4.

     20.    After this second incident of breaking and entering, the Roughts again called FAS

and protested their actions. Mr. Rought demanded that FAS, or any of its contractors, never step foot on his property again and specifically ordered them not to come to the premises to retrieve FAS' lockbox which was on the door. The Roughts also filed a second complaint with the Michigan State Police.

21.     On or about October 9, 2009, Mr. and Mrs. Rought notified FAS in an e-mail letter of the repeated break-ins and attached a list of damaged and stolen property which included, but was not limited to, damaged screens, entry and garage doors and the theft of their heirloom dining room table, four dining room chairs, floral arrangements and pots and pans. FAS even removed cabinets attached to the wall and in the garage. Exhibit 5.

22.     After sending FAS a letter and list of damages, the Roughts repeatedly contacted FAS about their complaints. FAS failed to timely respond to the Roughts' repeated complaints other than to indicate that their complaints had been passed on to "upper management."

23.     On December 1, 2009, Mr. Rought sent a letter to FAS which stated:

It is now December 1 and we have not heard a word from your attorney Chris Helling.

We had expected an answer by now and quite frankly am appalled at the total lack of respect and professionalism of your company. How much longer are we to wait before we take additional steps? We are trying to be patient and settle this peaceably. What would you do?

24.     On January 12, 2010, Mr. Rought sent FAS another letter which stated:

It's been still another month and we are still waiting. Surely you must know something. Is there anyone in upper management I can talk to. The prosecutor is waiting to here from me on this case. Please advise.

25.     Despite all of the Roughts demands and notifications to FAS, a contractor, agent or employee of FAS trespassed on their property a third (3rd) time in the last week of February,

2010 to retrieve the lockbox off the front door.  The Roughts were not notified of the entry and learned of this third trespass on or about March 1, 2010 when they went to their home.

26.     Throughout this entire series of events, Deutsche Bank, American Home and their agent and contractor FAS, had no legal right to even step foot on the Roughts' property.

## COUNT 1
### Trespass
### (Vicarious Liability As to Deutsche Bank and American Home)

27.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

28.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

29.     The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

30.     The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the plaintiffs.

31.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

**COUNT 2**
**Trespass**
**(As to FAS)**

32.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

33.     FAS, its agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

34.     The Defendant and/or its agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

35.     The actions of the Defendant's agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Cardosos.

36.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendant's agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

**COUNT 3**
**Conversion (MCL 600.2919(a))**
**(Vicarious Liability As to Deutsche Bank and American Home)**

37.     The Plaintiff re-allege the above paragraphs as if fully set forth in this Count.

38.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure"

process and proceedings.

39.    The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

40.    The Defendants, their agents, contractors and/or employees removed, disposed of and/or damaged numerous possessions of the Plaintiffs, only some of which are itemized above. The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the plaintiffs.

41.    The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre- and post-judgment interest on any award.

## COUNT 4
## Conversion (MCL 600.2919(a))
### (As to FAS)

42.    The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

43.    The Defendant's yet unknown agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

44.    The Defendant and/or Defendant's agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their

home, seize their home and property and remove possessions in the home and garage and on the property.

45.     The Defendant's agents, contractors and/or employees removed, disposed and/or damaged numerous possessions of the Plaintiffs, only some of which are itemized above.  The actions of the Defendant's agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Cardosos.

46.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre- and post-judgment interest on any award.

## COUNT 5
### Negligence
### (Vicarious Liability As to Deutsche Bank and American Home)

47.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

48.     The Defendants Deutsche Bank and/or American Home owed a duty to the Plaintiffs to act as a reasonable and prudent lender during any foreclosure proceedings, which included the obligation to verify that it was foreclosing on a house in which it actually had a legal interest.

49.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

50. The Defendants, their agents, contractors and/or employees were on constructive and actual notice through public property records and direct contact that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

51. Moreover, once the Defendants and/or their agents, contractors and/or employees were on notice that it/they had trespassed on the Plaintiffs' property to place locks on their doors and that it/they was (were) foreclosing on the house in error, the Defendants had a duty of reasonable care to investigate and correct any potential wrongful actions/foreclosure.

52. The Defendants breached the duty they owed to the Plaintiffs by foreclosing on a home in which they had no interest and continuing the wrongful foreclosure after direct notice by the plaintiffs.

53. The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre- and post-judgment interest on any award.

### COUNT 6
**Negligence**
**(As to FAS)**

54. The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

55. The FAS owed a duty to the Plaintiffs to act as a reasonable and prudent property management company and/or contractor/ agent of Deutsche Bank during any foreclosure

11

proceedings, which included the obligation to verify that it was foreclosing on a house that Deutsche Bank actually owned.

56.     The Defendant's agents, contractors and/or employees entered the Plaintiff's property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

57.     The Defendant's agents, contractors and/or employees were on constructive and actual notice through public property records and direct contact that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

58.     Moreover, once the Defendant and/or its Defendant's agents, contractors and/or employees were on notice that they had trespassed on the Plaintiffs' property when trying to place locks on the doors and that it was foreclosing on a home to which Deutsche Bank had no valid legal interest, the Defendants had a duty of reasonable care to investigate and correct any potential wrongful actions/foreclosure.

59.     The Defendants breached the duty they owed to the Plaintiffs by foreclosing on the Plaintiffs' home and continuing the wrongful foreclosure after notice that it had no legal right to be on the property.

60.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-

and post-judgment interest on any award.

## COUNT 7
### Negligent Infliction of Emotional Distress
### (Vicarious Liability as to Deutsche Bank and American Home)

61.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

62.     The Defendants Deutsche Bank and American Home owed a duty to the Plaintiffs to act as a reasonable and prudent lender during any foreclosure proceedings, which included the obligation to verify that it was foreclosing on a property  in which it had a legal interest.

63.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

64.     The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

65.     Moreover, the Defendants and/or their agents, contractors and/or employees were on notice that it had trespassed on the Plaintiffs' property when trying to place locks on the doors and that it was foreclosing on home to which it had no legal interest, the Defendants had a duty of reasonable care to investigate and correct any potential wrongful actions/foreclosure.

66.     The Defendants breached the duty they owed to the Plaintiffs by foreclosing on the Plaintiffs' house and continuing the wrongful foreclosure after knowledge that it had no valid, legal interest in the property.

67.     The Defendants actions were taken with a gross disregard for the Plaintiffs' rights

13

and were so severe and outrageous so as to shock the conscience and cause the Plaintiffs severe emotional distress, embarrassment and ridicule.

68.     The Plaintiffs were damaged as a direct and proximate result of the actions of the Defendants, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre- and post-judgment interest on any award.

## COUNT 8
### Negligent Infliction of Emotional Distress
### (As to FAS)

69.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

70.     The Defendant FAS, its agents, contractors and/or employees owed a duty to the Plaintiffs to act as a reasonable and prudent lender during any foreclosure proceedings, which included the obligation to verify that it was foreclosing on a house in which it held a legal interest..

71.     The Defendant's agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings.

72.     The Defendant, its agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.

73.     Moreover, once the Defendant and/or its agents, contractors and/or employees

14

were on notice that it had trespassed on the Plaintiffs' property when trying to place locks on the

doors and that it was foreclosing on a house that Deutsche Bank had no valid, legal interest, the

Defendant had a duty of reasonable care to investigate and correct any potential wrongful

actions/foreclosure.

74.     The Defendant breached that duty by foreclosing on a home to which they had no

legal interest home and continuing the wrongful foreclosure after direct knowledge that it had no

valid, legal interest in the property.  The Defendant's actions were taken with a gross disregard

for the Plaintiffs' rights and were so severe and outrageous so as to shock the conscience and

cause the Plaintiffs' severe emotional distress, embarrassment and ridicule.

75.     The Plaintiffs were damaged as a direct and proximate result of the actions of the

Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further

request that they be awarded damages in an amount to be proven at trial, punitive damages and/or

multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-

and post-judgment interest on any award.

### COUNT 9
### Intentional Infliction of Emotional Distress
### (Vicarious Liability as to Deutsche Bank and American Home)

76.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

77.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs'

property and house without permission or authorization at various times during its "foreclosure"

process and proceedings.

78.     The Defendants, their agents, contractors and/or employees were on notice that

15

they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize

their home and property and remove possessions in the home and garage and on the property.

79.     The Defendants' acts and/or omissions were done intentionally and/or with gross

indifference to the Plaintiffs' rights and constitute outrageous conduct.

80.     The Plaintiffs were damaged as a direct and proximate result of the actions of the

Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further

request that they be awarded damages in an amount to be proven at trial, punitive damages and/or

multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-

and post-judgment interest on any award.

**COUNT 10**
**Intentional Infliction of Emotional Distress**
**(As to FAS)**

81.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

82.     The Defendant's its agents, contractors and/or employees entered the Plaintiffs'

property and house without permission or authorization at various times during its "foreclosure"

process and proceedings.

83.     The Defendant's agents, contractors and/or employees were on notice that they

had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their

home and property and remove possessions in the home and garage and on the property.

84.     The Defendant's acts and/or omissions were done intentional and/or with gross

indifference to the Plaintiffs' rights and constitute outrageous conduct.

85.     The Plaintiffs were damaged as a direct and proximate result of the actions of the

16

Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive damages and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre- and post-judgment interest on any award.

## COUNT 11
### Invasion of Privacy
### (Vicarious Liability As to Deutsche Bank and American Home)

86.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

87.     The Plaintiffs owned the property and home located at 406 Pierce Drive, Gowen, Michigan.  The Plaintiffs had sole legal and equitable  interest in the home and property located at this address.  After purchasing the property, the Plaintiffs moved furniture and other personal possessions into the house and onto the property.

88.     The Plaintiffs, as the owners of the property had a right to privacy in their property and house.  The Plaintiffs had the right to be free from unlawful intrusion onto their property and into their home and also from the unauthorized viewing, taking, seizure and destruction of their personal property within their home and on their property.

89.     The Defendants, their agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings and viewed, took and destroyed their personal property and possessions. Moreover, the Defendants locked the Plaintiffs out of their own home.

90.     The Defendant, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize

17

their home and property and remove/dispose of their personal property and possessions in the home and garage and on the property.  The acts of the Defendants, their agents, contractors and/or employees were an  unreasonable, substantial and/or serious interference with the Plaintiffs' privacy.

91.     The actions of the Defendants, their agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Plaintiffs and constituted an invasion of the Plaintiffs' right to privacy.

92.     In addition, the Defendants, their agents, contractors and/or employees held the Plaintiffs out to the public in a false light by representing through their words and actions that the Plaintiffs had a mortgage with Deutsche Bank, that the Plaintiffs had not paid their mortgage and that their home was subject to foreclosure.  All of these direct or implied representations about the Plaintiffs were false and constituted an invasion of their privacy.  These acts were an unreasonable, substantial and/or serious interference with the Plaintiffs' privacy.

93.     The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 15
### Invasion of Privacy
### (As to FAS)

94.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

18

95.     The Plaintiffs owned the property and home located at 406 Pierce Drive, Gowen, Michigan.  The Plaintiffs had sole legal and equitable interest in the home and property located at this address.  After purchasing the property, the Plaintiffs moved furniture and other personal possessions into the house and onto the property.

96.     The Plaintiffs, as the owners of the property had a right to privacy in their property and house.  The Plaintiffs had the right to be free from unlawful intrusion onto their property and into their home and also from the unauthorized viewing, taking, seizure and destruction of their personal property within their home and on their property.

97.     The Defendant, its agents, contractors and/or employees entered the Plaintiffs' property and house without permission or authorization at various times during its "foreclosure" process and proceedings and viewed, took and destroyed their personal property and possessions. Moreover, the Defendant locked the Plaintiffs out of their own home.

98.     The Defendant, its agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove/dispose of their personal property and possessions in the home and garage and on the property.  The acts of the Defendant, its agents, contractors and/or employees were an  unreasonable, substantial and/or serious interference with the Plaintiffs' privacy.

99.     The actions of the Defendant, its agents, contractors and/or employees were done intentionally and/or with gross disregard for the rights of the Plaintiffs and constituted an invasion of the Plaintiffs' right to privacy.

19

100.     In addition, the Defendant, its agents, contractors and/or employees held the Plaintiffs out to the public in a false light by representing through their words and actions that the Plaintiffs had a mortgage with Deutsche Bank, that the Plaintiffs had not paid their mortgage and that their home was subject to foreclosure.  All of these direct or implied representations about the Plaintiffs were false and constituted an invasion of their privacy.  These acts were an unreasonable, substantial and/or serious interference with the Plaintiffs' privacy.

101.     The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendant, its agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 16
### Wrongful Foreclosure
### (As to Deutsche Bank, American Home and FAS)

102.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

103.     The Plaintiffs owned the property and home located at 406 Pierce Drive, Gowen, Michigan.  The Plaintiffs had sole legal and equitable interest in the home and property located at this address.

104.     The Defendants, their agents, contractors and/or employees broke and entered into the Plaintiffs' home, trespassed on their property and disposed of the Plaintiffs' possessions that were on the property and in the home and on the property.  In addition, as part of the invasion of the Plaintiffs' home by the Defendants, their agents, contractors and/or employees, said

Defendants, their agents, contractors and/or employees took total possession of the home by changing the locks.  These acts were taken to dispossess the Plaintiffs of the ownership interest and other rights they had in their home and property.

105.    The Defendants, their agents, contractors and/or employees were on notice that they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize their home and property and remove possessions in the home and garage and on the property.  The actions of the Defendants, their agents, contractors and/or employees were done with gross disregard for the Plaintiffs' rights

106.    The Defendants had no legal justification for seizing the Roughts' property and failed to comply with any of the Michigan statutes governing foreclosure actions.  The Defendants provided no notice or other due process to the Roughts prior to breaking into their home. Moreover, the Defendants failed to conduct any due diligence before seizing the plaintiffs' home. Finally, the Roughts were not, and could not ever be, in breach or default with any note held by the Defendants.  The Defendants failed to act in good faith when attempting exercise the security interest in their alleged mortgage and/or deed of trust.

107.    The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendants, their agents, contractors and/or employees.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

## COUNT 17
### Violations of Michigan Consumer Protection Statute
### (As to All Defendants)

108.    The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

109.    The Plaintiffs owned the property and home located at 406 Pierce Drive, Gowen,

Michigan. The Plaintiffs had sole legal and equitable interest in the home and property located at

this address.  After purchasing the property, the Plaintiffs moved furniture and other personal

possessions into the house and onto the property.

110.    The Plaintiffs had a right of privacy in their home and property and a right to

possess the property free from intrusions by others.

111.    The Defendants, their agents, contractors and/or employees were all engaged in

trade and/or commerce as that term is used in the consumer protection statute as they were all

involved in the business of foreclosing on residential properties to either obtain Deutsche Bank's

alleged security interest or to be paid compensation as an agent, contractor or employee.

112.    The Defendants, their agents, contractors and/or employees broke and entered into

the Plaintiffs' home, trespassed on their property and disposed of the Plaintiffs' possessions that

were on the property and in the home and garage.  In addition, as part of the invasion of the

Plaintiffs' home by the Defendants, its agents, contractors and/or employees, said Defendants,

their agents, contractors and/or employees took total possession of the home by changing the

locks.  These acts were taken to dispossess the Plaintiffs of the ownership interest and other rights

they had in their home and property.

113.    The Defendants, their agents, contractors and/or employees were on notice that

they had no right or authority to enter onto the Plaintiffs' property, break into their home, seize

their home and property and remove possessions in the home and on the property.  It is an unfair and deceptive act and practice for Defendants to publicly foreclose on a home, seize the home and "trash out" the homeowner's possessions when it has no legal right to do so, especially when they have had notice that they are foreclosing on a home and property to which they have no valid, legal interest.

114.    In addition, it is an unfair and deceptive practice for the Defendants to fail to conduct any due diligence when put on direct notice from the homeowner that the Defendants have no legal interest or right in the property.  Also, it is an unfair and deceptive act for the defendant to send contractors to the property on two different occasions after it has received direct notice from the homeowner that the Defendants have no legal right in the property.

115.    Moreover, Defendants' actions were unfair and deceptive because they violated the Michigan "Anti-Lockout" Statute which expressly forbids a lender, servicer or contractor from taking property by a forcible and unlawful manner and to keep an owner from accessing his property.  The Defendants actions of seizing the plaintiffs' house, locking them out, trespassing multiple times and trashing out their possessions constituted violations of the Anti-Lockout statute and the Michigan consumer protection statute.

116.    The actions of the Defendants, their agents, contractors and/or employees were done with gross disregard for the Plaintiffs' rights and constituted unfair and deceptive acts and practices in violation of the Michigan consumer protection statute.

117.    The Defendant FAS is not engaged in activities which are regulated by any governmental agency or licensing board.  The Defendants Deutsche Bank's and American Homes's actions in this case, where it had no loan, mortgage or business relationship with the

23

plaintiff, do not fall within the auspices of any governmental agency or licensing board regulations and they should not be exempted or shielded from the application of the Michigan consumer protection statute in this case.

118.     The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendants, their agents, contractors and/or employees.  The plaintiffs damage includes the fear, stress, anxiety, embarrassment and loss of security associated with a home invasion of this type.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.

### COUNT 18
### (Violations of the Michigan "Anti-Lockout" Statute, MCL 600.2918 as to All Defendants)

119.     The Plaintiffs re-allege the above paragraphs as if fully set forth in this Count.

120.     The Plaintiffs held sole legal and equitable possession of their property. Michigan's "Anti-Lockout"statute states in relevant part: "Any person who is ejected or put out of any lands or tenements in a forcible and unlawful manner, or being out is afterwards held and kept out, by force, if he prevails, is entitled to recover 3 times the amount of his actual damages or $200, whichever is greater, in addition to recovering possession." MCL 600.2918(1).

121.     The Defendants acts of seizing the plaintiffs' property and house, changing the locks, winterizing the property and trashing-out their possessions constitutes being "ejected" or "put out" of their property by "forcible" or "unlawful" means.  Moreover, the Defendants, despite

the plaintiffs demands to cease and desist from trespassing on their property, came back to the house to break-in again and winterize the property further attempting to dispossess the plaintiffs from their home by forcible and unlawful means.

122.    The Plaintiffs were damaged as a direct and proximate result of the acts and omissions of the Defendants, their agents, contractors and/or employees.  The plaintiffs damage includes the fear, stress, anxiety, embarrassment and loss of security associated with a home invasion of this type.

WHEREFORE, the Plaintiffs request judgment in their favor on this Count and further request that they be awarded damages in an amount to be proven at trial, punitive and/or multiple damages to the extent allowed by the applicable law, attorney's fees and costs and pre-and post-judgment interest on any award.


**PLAINTIFFS DEMAND A TRIAL BY JURY ON THIS MATTER**


Respectfully submitted
On behalf of the Plaintiffs,

/ s / Joseph F. deMello
_____
Joseph F. deMello
BBO# 546017 (MA)
LAW OFFICE of JOSEPH F. deMELLO, P.C.
71 Main Street
Taunton, MA 02780
508-824-9112
508-824-5917 (fax)
josephdemellolaw@verizon.net

/ s / Andrew J. Garcia

_____

Andrew J. Garcia
BBO # 559084
Carlin J. Phillips **
BBO# 561916 (MA)
PHILLIPS & GARCIA, P.C.
13 Ventura Drive
N. Dartmouth, MA 02747
(508) 998-0800
(508) 998-0919 (fax)
cphillips@phillipsgarcia.com

** In process of obtaining sponsorship; application to Michigan federal district bar to be filed
forthwith

Dated: May 5, 2010